■ In the Matter of STEFANI L., Appellant, v EUGENE B., Respondent. [37 NYS3d 884]—

Order, Family Court, New York County (Tandra L. Dawson, J.), entered on or about April 16, 2013, which denied petitioner's objection to an order of support of the Support Magistrate, dated January 2, 2013, unanimously affirmed, without costs.

Supreme Court properly determined that the Support Magistrate providently exercised his discretion in declining to impute additional income to respondent (*see Matter of Minerva R. v Jorge L.A.*, 59 AD3d 243, 244 [1st Dept 2009]). The document that petitioner contends establishes that respondent has additional income concerns a period predating the child's birth, the filing of the child support petition and the time of trial. Since the Support Magistrate's findings regarding respondent's income were based on credibility determinations and are supported by the record, Supreme Court properly concluded that such findings should not be disturbed.

Although the Support Magistrate erred in failing to consider

the statutory factors for determining whether or not to award child support based on parental income above the statutory cap (Family Ct Act § 413 [1] [c] [3]; [f]), for establishing each party's obligation to pay a portion of the cost of health insurance premiums and unreimbursed medical expenses (Family Ct Act § 413 [1] [c] [5]), and for deviating from the noncustodial parent's pro rata share of childcare expenses (Family Ct Act § 413 [1] [c] [4]; [f]), our application of those factors to the record before us leads us to the same result. Concur—Mazzarelli, J.P., Acosta, Saxe, Moskowitz and Gesmer, JJ.